IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> KELLY BOWERS, et al. <br><br> Defendants. | CRIMINAL NO. MJM-24-039 |

**CONSENT MOTION TO EXCLUDE TIME**
**PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by and through its counsel, Erek L. Barron, the United States Attorney for the District of Maryland, and LaRai Everett and Jonathan Tsuei, Assistant United States Attorneys for the District of Maryland, respectfully submits this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act, and moves to exclude time from the speedy trial calculation pursuant to Title 18 U.S.C. § 3161(h) from **January 24, 2024 through March 25, 2024**.

1. On January 24, 2024, a federal complaint was authorized by the Honorable A. David Copperthite for Defendants Kelly Bowers, Leonard Simms, Isiah Naylor, Amber Naylor, Raheem Allsup and Keith Williams. ECF No. 1.

2. On January 25, 2024, all of the above-named Defendants were arrested and had their initial appearances and arraignment on the complaint. All requested detention hearings but Isiah Naylor and Williams, who consented to detention at that time.

3. On January 26, 2024, A. Naylor, Bowers and Simms had their detention hearings and each were ordered detained by agreement. ECF Nos. 13 and 14.

4. On February 7, 2024, a federal grand jury returned an Indictment against Defendants Kelly Bowers, Leonard Simms, Isiah Naylor, Amber Naylor, Raheem Allsup and Keith Williams, alleging a drug trafficking conspiracy, in violation of 21 U.S.C. § 846.

5. On February 12, 2024, pursuant to Rules 16 and 16.1 of the Federal Rules of Criminal Procedure, and Local Standing Order 2020-01, the Government sent a Discovery email detailing the Government's discovery obligations.

6. On February 23, 2024, the Government provided an initial discovery production to all counsel. There is voluminous discovery in this matter and the Government will continue to provide discovery in the next several weeks.

7. The parties request an additional 60 days to review discovery, participate in reverse proffers and engage in preliminary plea negotiations. As such, no one requests a scheduling order.

8. The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be brought to trial within 70 days of indictment or initial appearance..

9. The Government seeks tolling of the Speedy Trial clock by the Court for a period from **January 24, 2024 through March 25, 2024.** The parties' do not object to the Government's request to the tolling of the Speedy Trial Act.

10. 18 U.S.C. § 3161(h)(7)(A) provides support for the sought exclusion of time.  It specifically excludes from the speedy trial time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney or the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

11. "[D]elays resulting from plea negotiations" are excludable as delays "resulting from other proceedings concerning the defendant" within the meaning of § 3161(h)(1). *United States v. Ford*, 288 F. App'x 54, 57-58 (4th Cir. 2008) (summary order) (citing 18 U.S.C. § 3161(h); *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987) and *United States v.*

*Montoya*, 827 F.2d 143, 150 (7th Cir. 1987)); *see also United States v. Leftenant*, 341 F.3d 338, 344-45 (4th Cir. 2003) ("other proceedings" include plea negotiations between the parties).

12. Moreover, a number of courts have held that continuances to permit additional time for plea negotiations are proper under § 3161(h)(7)—the provision of the Speedy Trial Act authorizing continuances where doing so will serve "the ends of justice." *See, e.g.*, *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) ("[A]n 'ends of justice' exclusion is intended to cover any of various circumstances, including where . . . the government and the defendant are engaged in ongoing plea negotiations.") (citations omitted); *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) ("Nothing in the language of 18 U.S.C. § 3161(h)(8) suggests that an 'ends of justice' continuance may not be granted for this purpose. . . . In current federal practice, plea negotiations play a vital role. We therefore see no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue.").

13. In this case, there are several circumstances making an exclusion of time under the Speedy Trial Act appropriate. The Government has provided initial discovery and will continue to do so. There is voluminous discovery in this case given that it involved a long-term drug investigation with multiple surveillance videos, controlled buys as well as several months of a wiretap investigation. The requested time is appropriate to allow the Government to continue to send the discovery, and for the Defendants and their respective defense counsel to review the discovery. The requested time will allow the defense to consider possible pretrial motions, to file such motions, and for the Court to potentially schedule a motions hearing. The requested time will also allow the parties to engage in anticipated plea negotiations. Such negotiations will allow for the Defendants to making a knowing and intelligent decision about whether to plead guilty or

proceed to trial and will allow an opportunity for the Defendants to discuss those options with their respective counsel.

14. In light of the foregoing facts, the Government respectfully requests that the Court issue an Order finding that the interests of justice served by excluding the time from **January 24, 2024 through March 25, 2024** under the Speedy Trial Act, including preparation for trial and discussions about a potential resolution of the case without a trial, outweigh the Defendants' and the public's interests in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7).

15. A proposed Order for the Court's consideration is attached.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:  */s/ LaRai Everett*
LaRai Everett
Jonathan Tsuei
Assistant United States Attorneys