IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| vs. | * | Case No.   1:24-cr-00039-MJM |
| **Kelly Bowers** | * | |
| | * | |

******

**<u>Memorandum Opinion and Order Denying Motion to Reopen</u>**

**I.      Background**

Defendant Kelly Bowers was originally charged by criminal complaint with drug conspiracy and with possession with intent to distribute a controlled substance on January 25, 2024.  (ECF No. 1).  On February 7, 2024, a Grand Jury returned an indictment against Mr. Bowers, along with five co-defendants for these same charges.  (ECF No. 84).  After initially agreeing to pretrial detention, Mr. Bowers later sought a detention hearing that was held on February 23, 2024, resulting in an order of detention.  (ECF Nos. 76 and 89).  With Mr. Bowers' and his co-defendants' consent, the Court granted the Government's motion to extend the Speedy Trial Act deadline on February 26, 2024, and again on April 1, 2024, ultimately extending the deadline until May 24, 2024.  (ECF Nos. 91 and 101).  On May 15, a superseding indictment was returned which, *inter alia*, amplified some of the alleged conduct by Mr. Bowers and others. (ECF No. 105).

On June 25 and again on July 12, the Court extended the tolling of the Speedy Trial Act, this time over Mr. Bowers' objection.  (ECF Nos. 112 and 118).   On each occasion, the Court cited well-established justifications for extending the Speed Trial Act deadlines including the complexity of the case and the extensive discovery given that the case "involved a long-term

drug investigation with multiple surveillance videos, controlled buys as well as several months of a wiretap investigation." (ECF No. 118 at 1). The Court also noted that the additional time would give the parties time to explore plea negotiations in a knowing and intelligent way. *Id*. at 2. On August 12, 2024, the Government requested a further extension (again not consented to by Mr. Bowers) which is currently pending. (ECF No. 123).

On September 2, 2024, Mr. Bowers filed a Motion to Reopen His Prior Detention Hearing on the basis of the length of time he had been detained. (ECF No. 125). Specifically, Mr. Bowers argues in pertinent part:

> The continued detention of Mr. Bowers after seven months, without the completion of discovery and without an established trial date has a material bearing on whether conditions of release are applicable. As such, Mr. Bowers' detention hearing should be reopened pursuant to 18 U.S.C. § 3142(f)(2)(b).

*Id*. at 3. The Government filed its Response on September 9, 2024, opposing reopening of the hearing, although it does not directly respond to what the Court views as Mr. Bowers' main argument—the length of his detention—and instead seems to characterize the motion as a bid for more discovery, something the Government contends is rendered moot by discovery that was recently provided. (ECF No. 127 at 2). The Court will instead focus on Mr. Bowers' arguments regarding whether the length of his detention justifies reopening his previously held detention hearing.

**II.    Analysis**

Section 3142(f)(2)(b) of the Bail Reform act states, in pertinent part, that a previously held detention hearing "may be reopened…if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id*. Presumably, it is the length of pretrial detention that Mr. Bowers relies upon as the "new" information that he

2

contends has a material bearing on the issue of release. Length of detention however is not explicitly one of the factors cited by the Bail Reform Act as directly pertinent to the issue of detention or release. *See* 18 U.S.C. § 3142(g). In fact, as observed in *U.S. v. Accetturo*, 783 F.2d 382, 387 (3rd Cir. 1986), one of the cases cited by Mr. Bowers, "the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. (1983), not the preventive detention provisions of the Bail Reform Act, is the vehicle chosen by Congress to regulate the length of pretrial delays for both detained and undetained defendants." In reviewing the legislative history, the *Accetturo* court further noted, "[r]eviewing the Act and its legislative history to determine whether there is any statutory foundation for ...consideration of anticipated length of detention, it appears that Congress was not unconcerned with this issue, but relied on the Speedy Trial Act ... to limit the period of pretrial incarceration." *Id.* (quoting *United States v. Colombo,* 777 F.2d 96 (2nd Cir.1985)).

As mentioned, Judge Maddox has already considered on several occasions whether there is sufficient justification for extending the Speedy Trial Act deadline and has found that, at least to date, there is. In so finding, the Court has, in turn, used the correct statutory tool in the Speedy Trial Act, rather than the Bail Reform Act, to take into account Mr. Bowers' length of detention. To the extent Mr. Bowers relies upon 3142(f)(2)(b) therefore, his motion is denied.

Mr. Bowers also suggests however that his continued detention raises due process concerns independent of the Bail Reform Act. (ECF No. 125 at 2). There may well be a point at which extended pretrial detention runs afoul of due process rights that on their own could justify revisiting the issue of pretrial detention *even where* the Court decides that continued tolling of the Speedy Trial Act is appropriate. *See, e.g.*, *Accetturo, supra* at 388 ("We agree with the Second Circuit that at some point due process may require a release from pretrial detention or, at a minimum, a fresh proceeding at which more is required of the government than is mandated by section 3142"). But the Court further agrees that "due process is a flexible concept [such that]

arbitrary lines should not be drawn" regarding how long is too long such that, along with the length of detention, the individual facts of the case need to be considered to include such factors as the "complexity of the case and whether the strategy of one side or the other has added needlessly to that complexity." *Id*.   The Court reviews those "individual facts" now.

As to the length of detention, although Mr. Bowers argues that he has been detained for more than seven months, it must be noted that Mr. Bowers initially agreed to detention, and subsequently *agreed* to extensions of the Speedy Trial Act through May 24, 2024.  Thus, his contested period of pretrial detention now stands at three and a half months.  Additionally, Judge Maddox's order extending the Speedy Trial Act relied upon some of the very factors cited by *Accetturo* and other courts considering the issue. *See, e.g., U.S. v. Hare*, 873 F.2d 796, 801 (5th Cir 1989).  Mr. Bowers cites nothing in his motion at this point that calls into question the reasonableness of that reliance, and the Government's Response does detail the large amount of discovery already provided and to be provided in the case. (ECF No. 127 at 3-4).

Accordingly, Defendant's Motion (ECF No. 125) is **DENIED**.  Such denial is, of course, without prejudice to Mr. Bowers' ability to raise due process issues as to his continued detention in the future should such arguments become supportable as his case evolves.

 9/10/2024
Date

J. Mark Coulson
United States Magistrate Judge